Good morning. May it please the court and counsel. My name is Colin Thompson. I'm a CGA panel lawyer from the Northern Mariana Islands. I represent Melvin Ada. Melvin Ada pled guilty to 157, sorry, to 57 counts of fraud in health care, theft of health care, and money laundering, and was sentenced to 151 months. We're here to appeal his sentence and an order of restitution. Perhaps this is a slightly unique appeal in that it comes from two directions. This is actually two appeals before the court from the same case, only because the restitution hearing took place at a time much later than the original sentencing order. In the sentencing order, we've appealed several enhancements, and in the restitution order, we've appealed the legality of the amount of the appeal. That is... I think the government agrees with you on that, right? They do. Lucky you. Yes. All right. I was going to say the second interesting... So why don't we go to where they... Yeah, that's unusual. We don't see that too often, but to its credit, the government, you know, agrees with you, so why don't we start on the other issues? Yes, Your Honor. Thank you. Thank you. Our brief starts through the... follows the tracking of basically the pre-sentence report and the judge's order, but I'd like to go at it the other way, because I think there's a great issue about double counting. Double counting has been referred to in the Ninth Circuit, United States v. Bell, as taking circumstances that were previously accounted for in the offense level or in departure factors and using those again to enhance the penalty. The government makes a slight argument, perhaps they leave some room open, but that the double counting would only apply to departures if that circumstance was used in the offense level. But the heart of this double counting really comes from 18 U.S.C. 3553 B.1, which says, authorizes departure where the court finds that there exists an aggravating or mitigating circumstance of a kind or to a degree not adequately taken into account by the sentencing commission, period. So that means double counting can apply to two departures or to a departure in an offense level matter. How do you determine what is double counting? What is the evidence relied on by the district court in making that decision? And there, I just direct you, I could read it, but it's in the brief. I've lined up the two phrases used by the court to justify both 5K2.7, which is disruption of governmental function, and then 5K2.14, which is public welfare. So you can see how the language is the same, and basically what the court said is, Mr. Atta, through your fraud, you harmed our hospital, and our hospital is a public hospital, so you've disrupted governmental functions. So he was embezzling money from the hospital. He was embezzling money from the hospital. And he was laundering the money. He was laundering the money. And he got the departures were for what? For disrupting? Disruption of governmental function and public welfare. And what is the double counting? That those two are duplicative, or it's duplicative with embezzlement? Right. So I'm not making a broad argument here, but a narrow one. I think in the case law supports the government's, the government cites a Tenth Circuit case, United States v. Finn, I think, that says you can have both of those departures in the same case. But you need a separate factual basis or a separate reason for doing so. You can't use the same reason for having multiple, because that's what's prohibited by 18 U.S.C. 3553b1. That is, it would be like, you know, you can have an enhancement for carrying a gun. You can have an enhancement for a prior conviction. Maybe that prior conviction involves a gun. So in a way it could be seen as similar. But that's not, in this case, it's the exact same harm, the exact same facts, the exact same language, just about. For each of the enhancements? For those two departure enhancements, departures, yes. And so you really can see it in the brief where the language is laid out very carefully. So do you want a holding as a matter of law that you can't have a departure for both public welfare and interference with a governmental function? No, Your Honor, and that's why I'm saying this. Our argument is more narrow. What is the defining characteristic that makes it duplicative? Same factual basis, same reason, same action. That is, they're saying, look, you harmed our hospital and you hurt our people by the actions you took. And therefore, that is, we're going to enhance that because you disrupted our governmental function. What was the government, how was the government disrupted? Well, let me ask you this on the disruption public welfare enhancement. Is there an enhancement for each of those? It's disruption of governmental function under 5K2.7. Right. And it's public welfare harm. Under the other. 5K2.14. So if you have the governmental disruption over here, which is basically the clinic goes kaput and can't keep operating. Yes. And you have the public health over here, would that be doubly counting? I can see how, you know, you can call them two different things. Well, they are kind of different because one thing is the clinic, you know, it has to shut down. So that's like this physical operation of the Commonwealth has to shut down. But then there's the people who were in the clinic, and that's something a little different because their health, putting them at risk on their dialysis treatment, is different than just simply shutting down the government operation. Aren't those two different? I do agree with that, Your Honor. Are those two different things? I agree with what you're saying. So couldn't you have an enhancement that then wouldn't be double counting? Yes. I can see at the beginning that you can have these are not mutually exclusive things. In the context of this case, I believe it's double counting. Okay. But what is it in this case that makes it different? So, Your Honor, you're saying that there's – I apologize. Your Honor, you're saying that the public health center shut down, and that's not completely accurate. I mean, the hospital continues to go on. But, you know, we're a small island. We don't have large funding. We have a single hospital. It was painful to the hospital. It was that aspect of that unit. So, but what that – but the exact same language is used to support the public health. Here's my problem. The embezzlement from a government itself hurts the government. Yes. But it doesn't necessarily hurt members of the public. Right. But when you have this kind of a situation where the embezzlement is also affecting the government's ability to function in connection with the public, then isn't that two different things? It's a – I hear your point, Your Honor. I can see that distinction, and I think in this case it didn't rise to that level. It did not rise to disruption as opposed to public health – damaging public health welfare. Well, let me ask you. If you have a jail – let's say you have a jail or a prison and you've got some budgetary problems, and then somebody's embezzling, so now we've got to shut down a whole unit of the prison. So – but the whole prison doesn't shut down, and they say, well, that is a governmental function that is compromised. But the only way we can shut it down is to let out some of these convicted individuals, and now they potentially pose this hazard to public safety because we basically had to release all the prisoners. Are you saying that is the same nucleus of facts like this, and we couldn't – we would be double-counting if we imposed the public safety? I don't – I wouldn't use the word nucleus of facts because it's a little too broad. Look at the specific language that this court used to justify these two departures. They seem to be identical, and that is what accounts for double. That's what you're – okay, I understand. Okay, but that has one more question. Yes, Your Honor. Even if it's identical, it could have two separate outcomes. I want to ask about the sophisticated means enhancement. Yes. Why shouldn't we find that Mr. Ada's use of bank accounts with deceiving names to deposit checks and manipulation of documents did not warrant a sophisticated means enhancement? Yes, Your Honor. I think sophistication is really relative, and you could imagine a much more sophisticated scheme and then a much less sophisticated scheme. So it's always where do we draw the line? And, I mean, what were those account names? He took the name – so the supplier was Midwest Medical Supply, Inc., with an address in Guam. He used MMS, Saipan, as the name of the – No, we've read the briefs. Okay. So that's not so sophisticated. The note to the – In your mind, it's not sophisticated. The note to the application says fictitious entities, foreign offshore accounts. Thank you. It's higher levels. You can answer the question. Your time is up. Thank you. Thank you. May it please the Court, good morning. Garth Backe on behalf of the United States Appellee. I believe that the government's positions were sufficiently set out. Points and arguments were sufficiently set out in this brief, and I don't have much to add. Please keep your voice up. Yes, Your Honor. I'm sorry. So I only have a couple of points I'd like to re-highlight, and then the government also does have one small concession of, I guess, error or clarification, and I'll begin with that. We state in our brief that the standard review on appeal for the judge's decision to depart is an abuse of discretion under COON, and that's incorrect. It is de novo. We haven't challenged the sufficiency of the objection below, so there's no plain error. It's de novo, and we agree with that. We apologize for this. I appreciate your candor. The other points, Your Honor, I'll start with the departure. We submit, as we do in our brief, it's legally correct that it's not. Those two provisions can be applied at the same time. That is supported by COON. That is supported by SABLON. But most important, what I would submit as the death knell to the argument is this characterization of the harm because it's not a double-counting departure issue as a legal matter or a factual one because even counsel just stated we're talking about the harm to the hospital and the harm to the people. Well, that's two different things, and if you read the government, I mean, if you read the trial court's explanation, she differentiates. The government disruption is the effect on the peritoneal dialysis unit, and the public health is the effect that his conduct had on the patients themselves. So it was differentiated. So even if he was right on the law, he would be wrong on the facts. For the rest of the enhancements, we would just rely on the abuse of discretion. The court presented evidence, copious amounts of evidence during sentencing. She also had the PSR, which has not been objected to on appeal and can be considered. From that evidence that she was presented, she reached logical, plausible conclusions, and for that reason, the appellant cannot show an abuse of discretion. And then the last one would be the criminal participant. Same thing. Now we're dealing with the clearly erroneous standard, but again, the court was presented with evidence. She actually took part in the wife's trial, so she had sat through all of it. It was actually about a 30-day trial, so she is quite familiar with Mrs. Atta and her conduct. And from that and the evidence presented at sentencing, she reached the conclusion that she was a criminal participant. That's all I have for the challenges to the sentence. As for restitution, as you pointed out, we can see that it's wrong. Why don't you explain why it's wrong? Because the award was based on, I think, only 14 invoices. Maybe it was 15, I don't know. But of four of them, the government conceded were stolen by Melvin Atta. The other 11 do not appear anywhere. And all we have is the testimony of an executive from the company that says, we didn't get paid on these invoices. That was the total testimony. And that is, again, they were the proponent in this context, and that is insufficient as a matter of law, because being unpaid in invoice and getting a reward from that is jumping over causation. So it wasn't really shown that he caused all of that much harm because the invoices didn't establish that? Yes. Does that bleed over at all into the departures for harm? I don't believe so, Your Honor. I don't think there's really a relationship. I mean, we challenged the award to this company for a number of reasons. It's in our brief, but it was their accounting system, their information which was not reliable for a number of years, and then they were asking for this reward. On top of that, they go to the hearing, and all they produce is the testimony that the invoice hasn't been paid. So I take it that there's a slight discrepancy in what he thinks he owes and what you think he owes. Yours is actually less, and they'd probably be happy to take the slightly lesser amount, and you'll work that out? Yes, Your Honor. I think that's just a difference in math. Math. It's just an arithmetic error. The court could calculate itself. All right. Fine. Thank you. Your Honor, I have nothing further. All right. Thank you. Thank you. You used your time, but I'll give you a minute if you need rebuttal. I don't, Your Honor. Your Honor, I just ask that this case be remanded for new hearing on the restitution as well as the other grounds that we've raised. Thank you. Thank you. I thank both counsel for coming from Saipan for the argument. The case just argued, United States v. Atta, is submitted.
judges: Schroeder, D.W. Nelson, McKeown